UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FIFTH THIRD BANK,**

        **Plaintiff,**

-vs-                                                    Case No. 6:12-cv-68-Orl-31DAB

**NANCY TORRES RIVERA; MENTORS GOAL INC.; HECTOR CHEVERE PADILLA; and MELISA OPIO IRIZARRY,**

        **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Compel Arbitration (Doc. 12) filed by Defendants Nancy Torres Rivera ("Rivera") and Hector Chevere Padilla ("Padilla") (collectively, the "Movants"), the response (Doc. 15) filed by the Plaintiff, Fifth Third Bank, and the reply (Doc. 23) filed by the Movants.

According to the allegations of the Complaint, Rivera borrowed $715,000 from Fifth Third Bank. To secure the loan, she and her husband – Defendant Padilla – entered into a pledge agreement with Fifth Third Bank, giving the bank a security interest in assets in a brokerage account that they had established with related nonparty Fifth Third Securities, Inc. ("Fifth Third Securities"). The "Brokerage Account Customer Agreement" for that account contained the following language:

> All controversies that may arise between you, us and NFS concerning any subject matter, issue or circumstance whatsoever (including, but not limited to,

>controversies concerning any account, order or transaction or the continuation, performance, interpretation or breach of this or any other agreement between you, us and NFS, whether entered into or arising before, on or after the date this account is opened) shall be determined by arbitration in accordance with the rules then prevailing of the Financial Industry Regulatory Authority (FINRA) or any United States securities self-regulatory organization or United States securities exchange of which the person, entity or entities against whom the claim is made is a member, as you may designate.

(Doc. 12-2 at 9).

The Movants contend that, even though Fifth Third Bank was not a signatory to the Brokerage Account Customer Agreement, the agreement to arbitrate it contains is enforceable against the bank. In particular the Movants argue that the bank is obligated by principles of equitable estoppel to proceed to arbitration.

Arbitration is a contractual right, but the lack of a written agreement to arbitrate is not always an impediment to compelling arbitration. *See MS Dealer Service Corp. V. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). Usually in such a scenario, an entity that did not sign an arbitration agreement is seeking to force an entity that did sign such an agreement into arbitration. *See id.* In the instant case, however, the situation is reversed – the Movants, who are signatories, are seeking to compel Fifth Third Bank, a non-signatory, into arbitration. Accordingly, the usual exceptions do not apply. *See id.*

Some courts have held that, in very limited circumstances, signatories can compel arbitration with non-signatories. *In Thomson-CSF v. American Arbitration Ass'n*, 64 F.3d 773 (2d Cir. 1995), a case relied upon by the Movants, the court held that where a non-signatory knows of an agreement that contains an arbitration clause, (2) fails to object to the agreement, and (3) knowingly exploits that agreement, the non-signatory is equitably estopped from denying an

obligation to arbitrate. *Id.* at 778. The Movant contends that those circumstances exist here, and Fifth Third Bank should be estopped from denying an obligation to arbitrate under the Brokerage Account Customer Agreement.

This argument fails, however. There is no allegation that Fifth Third Bank knew about the Brokerage Account Customer Agreement when it entered into the loan with Rivera. Obviously, without knowledge of the agreement, Fifth Third Bank had no opportunity to object to it.

Just as important, the Movants have not made any showing that Fifth Third Bank knowingly exploited the Brokerage Account Customer Agreement. The Movants try to argue that Fifth Third Bank benefitted from the Brokerage Account Customer Agreement, in that the loan to Rivera would not have gone forward without collateralization of the assets in the brokerage account it established. But there is no suggestion that the brokerage account needed to exist for that collateralization to occur, and therefore there has been no showing that Fifth Third Bank actually benefitted from the Brokerage Account Customer Agreement. Even if one assumes that the existence of the brokerage account allowed the loan transaction to move forward, that alone would not be enough. Receipt of an incidental benefit from an agreement containing arbitration provisions is not sufficient to require a nonsignatory to submit to arbitration. *See Thomson-CSF* at

778-79. Stated differently, "receiving a benefit" from an agreement is a far cry from "knowingly exploiting" that agreement, as required to establish equitable estoppel under *Thomson-CSF*.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Compel Arbitration (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2012.

                                                                GREGORY A. PRESNELL
                                            UNITED STATES DISTRICT JUDGE