**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FIFTH THIRD BANK,**

                **Plaintiff,**

-vs-                                        Case No. 6:12-cv-68-Orl-31DAB

**NANCY TORRES RIVERA; MENTORS GOAL INC.; HECTOR CHEVERE PADILLA; and MELISA OPIO IRIZARRY,**

                **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 11) filed by Defendant Mentors Goal, Inc. ("Mentors Goal"), the response (Doc. 14) filed by the Plaintiff, Fifth Third Bank ("Fifth Third"), and the reply (Doc. 22) filed by Mentors Goal.

**I.    Background**

The following information is taken from the Complaint (Doc. 1) and except where noted is undisputed, at least for purposes of the instant motion. In May 2011, Fifth Third lent money to Defendant Nancy Torres Rivera ("Rivera"). The loan was secured by certain securities. In July 2011, believing the securities to have declined in value, Fifth Third informed Rivera that she needed to put up additional collateral or pay down the debt. Rivera did not do so, and Fifth Third notified her that she was in default.

Subsequently, Rivera and Fifth Third entered into settlement negotiations. A series of emails regarding those negotiations are attached to the Complaint. (Doc. 1-1 at 42-50). The

negotiations involved Mentors Goal, a closely held Puerto Rico corporation of which Rivera was the president. Mentors Goal owned two pieces of real property in Puerto Rico, potential additional collateral for the loan to Rivera. (Doc. 1-1 at 42). The parties also discussed having Mentors Goal serve as a guarantor of the loan. (Doc. 1-1 at 42). Fifth Third contends that it reached a settlement agreement with Mentors Goal and the other Defendants, which they have breached. The Defendants contend that the settlement agreement was never finalized.

By way of the instant motion, Mentors Goal seeks dismissal on the grounds that it is not subject to personal jurisdiction in this court.

## II.     Legal Standards

A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution. *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Under Florida law, an assessment of personal jurisdiction requires a two-part analysis. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). To determine whether personal jurisdiction exists over non-resident defendants, the court must first determine whether there is a basis for jurisdiction under Florida's long-arm statute, Fla. Stat. § 48.193. *See* Fed. R. Civ.P.4(e)(1), (h), and (k); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). If the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must then consider whether the defendant's contacts with the state of Florida are sufficient to satisfy the due process clause of the Fourteenth Amendment such that maintenance of the suit in Florida does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 315-17, 90 L. Ed. 95, 66 S. Ct. 154 (1945); *Cable/Home*

*Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Venetian Salami Co.*, 554 So. 2d at 502. If both prongs of the jurisdictional test are satisfied, then the Court may exercise personal jurisdiction over the nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990).

The Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. *Meier*, 288 F.3d at 1268-69. If the Plaintiff presents enough evidence to withstand a motion for directed verdict, the *prima facie* case is established. *Id.* Where the Defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction, unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Id.* When the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Cable/Home Communication Corp.*, 902 F.2d at 855.

### III.   Analysis

To determine whether it may exercise jurisdiction over Mentors Goals in this diversity case, the Court must first determine whether a basis exists under the Florida long arm statute. Florida Statute Section 48.193(1)(g) provides:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> . . .
>
> (g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

In its Complaint, Fifth Third alleges that it reached a settlement agreement with Mentors Goal and the other defendants (Doc. 1 at 6-7), that the terms of that agreement (including the delivery of some documents) were to be fulfilled in Florida (Doc. 1 at 2), and that Mentors Goal and the other defendants breached the settlement agreement (Doc. 1 at 7).  These allegations are enough to clear the Plaintiff's initial threshold.

Rivera, in her capacity as president of Mentors Goal, responds in an affidavit that the corporation did not enter into the agreement with Fifth Third, and therefore it was not obligated to perform any acts in Florida, and there is no basis for exercising jurisdiction.[1]  (Doc. 11-1 at 1-1). Fifth Third responds with an affidavit from Roger Karmolinski ("Karmolinski"), a vice president of the bank's Special Assets Group.  Karmolinski testified that Mentors Goal was obligated under the terms of the settlement agreement to deliver a preliminary settlement agreement to Fifth Third in Orlando, to execute and return a mortgage to Fifth Third in Orlando, and execute and return a guaranty as to Rivera's debts to Fifth Third in Orlando.  (Doc. 14-1).

Mentors Goal does not dispute Fifth Third's contention that if the settlement agreement had been entered into, Mentors Goal would have been obligated to perform in Orlando the acts identified by Karmolinski in his affidavit.  And Mentors Goal does not argue that, even if it had entered into the settlement agreement, requiring it to defend a lawsuit in Orlando would offend traditional notions of fair play and substantial justice.  The jurisdictional question thus boils down

---

[1]Fifth Third does not dispute Rivera's contention, in her affidavit, that Mentors Goal has never conducted business in Florida, owned real property in Florida, or otherwise subjected itself to general jurisdiction in the courts of this state.

to whether or not Mentors Goal entered into the settlement agreement, a matter upon which the parties disagree.

The evidence on that score – primarily the emails attached to the Complaint – is not clear-cut.  Based on those documents, the parties were negotiating a number of issues, such as a guaranty on the part of Mentors Goal, and an immediate cash payment by Rivera for document preparation, among others.  (Doc. 1-1 at 42).  On November 21, 2011, after several intervening emails, counsel for Fifth Third sent an email to Rivera's counsel announcing that "the Bank has agreed to the terms set forth in your email ... with the specific understandings as follows" and spelling out those specific understandings.  (Doc. 1-1 at 48-49).  However, the immediately preceding email from Rivera is not attached, so it is not obvious whether the "specific understandings" constitute acceptance of an offer or a counteroffer.  In response, Rivera's counsel emailed that, after meeting with Rivera, "I believe we have an agreement."  (Doc. 1-1 at 50).  However, the remainder of the email informed Fifth Third's counsel that Rivera's son still had questions and that there were "some logistics" to be worked out.

Thus it is not clear whether the parties had agreed to a settlement or were still negotiating it.  However, at this stage of the analysis, the Court is required to construe all reasonable inferences in favor of the Plaintiff.  *Cable/Home Communication Corp.*, 902 F.2d at 855.  Construed in such a fashion, the evidence supports Fifth Third's contention that Mentors Goal

entered into the settlement agreement and breached it, thereby subjecting itself to the jurisdiction of the Florida courts under Fla. Stat. § 48.193(1)(g).

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 22, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party